The opinion of the court was delivered by
'Bermudez, C. J.
This is a i.uit against the widow and heirs of E. *440 Bouny to hold them liable on Ms note of $3000, secured by vendor’s privilege and special mortgage, dated November 14, 1885, and payable one year after date.
The defence is payment or compensation in the alternative.
From a judgment in favor of defendants, the plaintiff appeals.
The contention is, that plaintiff acquired the note after its maturity, subject to the equities between the drawer and the transferring holder at the time, and that, as the note was paid by the drawee after it was issued, or, if not so paid, was extinguished by compensation against the transferror to the bank, the note has no existence, and the plaintiff can iiot recover.
On the 14th of November, 1885, Emile Bouny purchased from H. L. Casey the property described in the petition, the vendor being represented by his agent, Mrs. Leontine Strang, wife of E. J. Strang. The sale was made on credit, the purchaser furnishing a note of $3000, payable one year after date.
On the day of the sale; Mrs. Strang received a check of Emile Bouny for $3000, in payment of said note or the property, and a check of $105 in payment of some furniture sold to Bouny.
On the same day two checks of Emile Bouny, one for $3000 and one for $105, were presented by Mr. Strang to the Branch Depository of the State Bank, and same were certified.
The testimony of the book-keeper of said bank shows that said checks were paid.
The book-keeper of the Louisiana National Bank testifies that on the same day Mrs. Leontine Strang made a deposit of $3105.
J. V. Oharpentier was the clerk of Emile Bouny.
On the 18th of June, 1888, after the maturity of said note, Charpentier pledged same to the plaintiffs.
Oharpentier, on the 4th Of December, 1885, purchased Bouny’s business for $24,000, payable $200 per month.
After the death of Bouny, his widow collected $5024.85 on his life insurance, deposited the money for safe-keeping or for investment with Oharpentier, who gave her his note for like amount.
The note sued on bears two endorsements showing “interest paid up to 14th November, 1886, and to 14th November, 1887,” signed by . J. V. Oharpentier alone.
There is nothing to show when those endorsements were made, and *441 that they were authorized by Bouny or any one representing him or his succession.
Had it been proved that the payment of the note had been extended, by consent of parties, before its maturity, the plaintiff would be protected as an innocent purchaser before maturity against the defences now set up; but in the absence of such proof of extension by consent, before dishonor, the plaintiff must be dealt with under the well established rule of law, as having acquired it after dishonor, encumbered with the equities set up by the defendant, which therefore must prevail.
Judgment affirmed.